UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JASON HUBBARD, as Administrator of the Estate of
JANICE HUBBARD, deceased,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. BRIAN DIBOER,
Shield Number 11235, and "JOHN/JANE DOES
#1=20" believed to be members of the NEW YORK
CITY POLICE DEPARTMENT,

                                  Defendants.

------------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

03-CV-5700 (NGG)(RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 1 3 2005 ★
BROOKLYN OFFICE



**WHEREAS**, plaintiffs commenced this action by filing a complaint on or about November 12, 2003, alleging that defendants violated plaintiffs' federal civil and state common law rights; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS**, letters of administration letters have been presented naming Jason Hubbard as the Administrator of the Estate of Janice Hubbard; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Jason Hubbard, as Administrator of the Estate of Janice Hubbard, the sum of Ten Thousand ($10,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorney fees. In consideration for the payment of these sums, plaintiff, personally and as Administrator of the Estate of Janice Hubbard, agrees to dismissal of all the claims against the defendants and to release all defendants, any present or former employees and agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and Affidavits of No Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
January 24, 2005

REIBMAN AND WEINER
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242

By: _____
Steven M. Weiner (SW4401)

MICHAEL A. CARDOZO
Corporation Counsel of the
Attorney for Defendants
100 Church Street
New York, N.Y. 10007
(212) 788-8684

By: _____
Seth D. Eichenholtz (SE3349)
Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.
May 10, 2005